CHARLES A. T. RODRIAN, as Administrator, etc., Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

A pedestrian, before crossing a railroad track, must, in the absence of circumstances excusing it, look in each direction to ascertain whether a train is approaching; he may not omit this in reliance upon the performance by the railroad company of its duty to give reasonable notice of the approach of a train, and if he does omit it, the neglect of the company to discharge its duty will not relieve him from the imputation of negligence.

Where the evidence may justify opposing inferences as to the performance by the pedestrian of his duty in these respects, the question is one of fact for the jury.

*It seems* that if in case of an accident at a railroad crossing it appears that the person injured did look for an approaching train, it would not necessarily follow as a rule of law that he was remediless because he did not look at the precise place and time when and where looking would have been of the most advantage. The presence of other and imminent dangers, the raising of gates erected by the company to guard the highway, giving assurance that the crossing was safe, and similar circumstances may be considered in determining whether the person injured fairly discharged the duty imposed upon him in making his observations.

*It seems*, also, that while the rules of law governing the right of recovery in such an action in case of death are the same as in other cases, slighter evidence of compliance with the duty cast upon the person injured may be deemed sufficient to meet the requirements, imposing upon plaintiff the burden of showing want of contributory negligence.

In an action to recover damages for the alleged negligent killing of R., plaintiff's intestate, at a highway crossing on defendant's road, it appeared that R. was familiar with the crossing. She approached it with a small shawl tied or pinned over her head and ears. There was no evidence that she looked up or down the track before attempting to cross, or that she stopped or listened; the only evidence being that she appeared to be looking directly in front of her. The track on which the train came, by which she was killed, was free to observation for at least seven hundred feet from a point eight feet from the track where R. was injured, and from thence to the track. *Held*, that although R.'s attention may have been distracted by a freight train going in the opposite direction, or by a ditch across the highway two feet· from the tracks, she was not justified in proceeding without looking both ways for approaching trains.

(Argued January 23, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict, and which affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the alleged negligent killing of Catharine Rodrian, plaintiff's intestate, while attempting to cross Grade street in the town of Mamaroneck where it is intersected by defendant's tracks.

The facts, so far as material, are stated in the opinion.

*Henry W. Taft* for appellant. There was no evidence introduced upon the trial which showed, or tended to show, that the plaintiff's intestate was free from negligence contributing to the accident which caused her death. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 332; *Havens* v. *E. R. Co.*, 41 id. 296; *Baxter* v. *T. & B. R. R. Co.*, Id. 502; *Harty* v. *N. J. C. R. R. Co.*, 42 id. 468; *Gorton* v. *E. R. Co.*, 45 id. 660; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 id. 400; *Salter* v. *U. & B. R. R. Co.*, 75 id. 273; *Shaw* v. *Jewett*, 86 id. 616; *Tolman* v. *S., etc., R. R. Co.*, 98 id. 202; *Solomon* v. *M. R. Co.*, 103 id. 443; *Winslow* v. *B. & O. R. R. Co.*, 11 N. Y. S. R. 835; *Woodward* v. *N. Y., L. E. & W. R. R. Co.*, 106

N. Y. 369 ; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 id.
500 ; *Cullen* v. *D. & H. C. Co.*, 113 id. 667 ; *Brickell* v. *N.
Y. C. & H. R. R. R. Co.*, 120 id. 290.)   There was not suf-
ficient evidence of negligence on the part of the defendant to
justify the submission of the case to the jury. (*Ellis* v. *G. W.
R. Co.*, L. R. [9 C. P.] 551.)   The jury were allowed to con-
sider this case with erroneous instructions as to the obligation
of the defendant to whistle or ring.   (*Crawford* v. *D., L. &
W. R. R. Co.*, 121 N. Y. 652 ; Laws of 1854, chap. 282, § 7 ;
Laws of 1886, chap. 593, § 1.)

*Arthur T. Hoffman* for respondent.   It is the duty of rail-
road corporations to warn persons who may be traveling on a
highway which crosses its road, by some proper signal of the
approach of trains, and to give such warning in time so
that the traveler may avoid the danger.   (*Dyer* v. *E. R. R.
Co.*, 71 N. Y. 228 ; *Palmer Case*, 112 id. 241 ; *Cordell* v.
*N. Y. C. & H. R. R. R. Co.*, 70 id. 124.)   If, by any logical
deduction or inference from facts, it can be said deceased
exercised ordinary prudence, it is for the jury to determine.
(*Greaney Case*, 101 N. Y. 425.)   A highway, to be discon-
tinued, must be closed.   (*Cordell* v. *N. Y. C. & H. R. R.
R. Co.*, 70 N. Y. 124.)   Even if the law requiring the ring-
ing of a bell eighty rods from the crossing was repealed, still
the charge was not harmful to the defendant.   (*McDonald* v.
*L. I. R. R. Co.*, 116 N. Y. 230 ; *Edgerton Case*, 39 id. 230.)

ANDREWS, J.   It has, in view of the decisions in this state
upon the subject, become a postulate, that due care requires a
pedestrian, before crossing a railroad track, to look in each
direction to ascertain whether a train is approaching, and
that the mere omission of the statutory signals by the train-
men does not relieve the pedestrian from the imputation of
negligence, if he fails on his part to look and listen.   He
cannot omit such a reasonable precaution in reliance upon
the performance by the railroad company of its obliga-
tion to give reasonable notice of the approach of the train.

Whether the duty imposed upon the traveler has been discharged may be, and often is, a question involved in doubt. The evidence may justify opposing inferences. In such case the question is for the jury. There is another rule, equally well established in this state, that the plaintiff in an accident case assumes the burden of showing that the injury occurred without fault on the part of the person injured, or of giving evidence from which the jury may infer that he was without fault, and that his act did not contribute to the casualty

If in case of an accident at a crossing it appears that the person injured did look for an approaching train, it would not necessarily follow as a rule of law that he was remediless because he did not look at the precise place and time, when and where looking would have been of the most advantage. Many circumstances might be shown which could properly be considered by the jury in determining whether he exercised due and reasonable care in making his observation. The presence of other and imminent dangers, the raising of gates erected by the company to guard the highway, giving assurance that the crossing was safe; these, and similar circumstances appearing, they may be considered in determining whether the person injured, who did in fact look and listen before attempting to cross the track, fairly discharged the duty imposed upon him, although it should appear that if he had looked at another instant of time, or had looked last in the direction from which the train was approaching, he would have seen it.

In case of a death accident at a railroad crossing it must often happen that the circumstances immediately preceding it, and the acts and conduct of the deceased are left in great obscurity. But the rules of law governing the right of recovery are the same as in other cases, although slighter evidence of compliance with the duty cast upon a plaintiff might be deemed sufficient than where the injured person was alive and competent to testify. We cannot perceive that the burden resting upon the plaintiff to show, or to give evidence tending to show, or from which the jury might find, that his intestate

was free from contributory negligence, or exercised due care was in any way met or discharged. The circumstances so far as disclosed seem to point to the opposite conclusion. The intestate was familiar with the crossing. She approached the track with a small shawl tied or pinned over her head and ears. There is not the slightest evidence that she looked up or down the track before attempting to cross, or stopped, or listened, the only evidence being, that she appeared to be looking directly in front of her. The alleged obstructions, upon the most favorable view of the evidence, left the track on which the train came free to observation for at least seven hundred feet from a point on the highway eight feet from the south track and from thence to the track. The intestate's attention may have been diverted by the freight train passing on the north track in the opposite direction, from which she was in no danger, or by the ditch across the highway two feet from the track or by both circumstances combined But these things, although they may have induced thoughtlessness as to the real danger, did not justify her in proceeding without looking up and down the track for trains.

Adherence to established rules leaves us no option, and the judgment must be reversed.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.